United States of America v. Rucker (Hutchinson)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                                          12-3224

Timothy Rucker, AKA Tuquan, *et al.*,

> *Defendants*,

Randy Hutchinson,

> *Defendant-Appellant*.

_____

**FOR APPELLEE:**                    Marcia M. Henry and Peter A. Norling, Assistant
                                     United States Attorneys, *for* United States
                                     Attorney Loretta E. Lynch, Brooklyn, NY

**FOR DEFENDANT-APPELLANT:**         Randy Hutchinson, *pro se*, New York, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Randy Hutchinson, *pro se*, appeals the district court's July 20, 2012 order, which observes that Hutchinson has written multiple letters requesting reconsideration of an issue first decided in December 2009 and, in addition, states that further submissions by Hutchinson will be "docketed without communication to the defendant."

Hutchinson argues that (1) he is eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2) and under section 1B1.10 of the United States Sentencing Guidelines, and Amendments 706 and 750 to the Guidelines, (2) the district court's order that "[f]urther submissions will not be entertained"[1] amounts to an impermissible filing injunction, and (3) the district court's order denying Hutchinson's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is insufficient to permit appellate review of its reasons.

We do not have jurisdiction to address Hutchinson's arguments that he is eligible for a sentence reduction under § 3582(c)(2) or that the district court's denial of that relief provided insufficient reasoning to permit appellate review because Hutchinson did not designate either of the orders originally denying his request for § 3582(c)(2) relief as an order from which he was appealing. Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires that a notice of

---

[1]The wording Hutchinson quotes in his brief is from the district court's February 14, 2012 letter. It is, however, referenced in the July 20, 2012 order. That order concludes: "another submission was received which will be docketed but not further entertained. Further submissions will be docketed without communication to the defendant."

appeal must "designate the judgment, order, or part thereof being appealed." The requirements of this Rule are jurisdictional, and we have "an independent obligation to ensure the notice of appeal complies with Rule 3(c)." *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007) (citing *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 92 (2d Cir. 2006)). "[O]ur jurisdiction is limited by the wording of the notice [of appeal]." *New Phone Co., Inc.*, 498 F.3d at 130 (citing *Kowsh v. Bd. of Elec. of City of New York*, 99 F.3d 78, 80 (2d Cir. 1996)). Here, Hutchinson states in his Notice of Appeal that he appeals "from the final judgment entered in this action on the 20th day of July, 2012," and he identifies no other orders subject of his appeal. The July 20, 2012 order does not rule one way or the other on Hutchinson's request for relief under § 3582(c)(2). It states only that "[f]urther submissions will be docketed without communication to the defendant." It cannot be construed as denying § 3582(c)(2) relief.

More than two and a half years earlier, on December 29, 2009, the district court had denied Hutchinson's motions for § 3582(c)(2) relief. Two years after that the district court again denied relief under § 3582(c)(2) in a January 18, 2012 Memorandum and Order declining to reconsider the issue. Hutchinson did not appeal these denials or even mention them in his Notice of Appeal by which he brought the case now before us. We thus lack jurisdiction to consider Hutchinson's arguments concerning the propriety of the district court's denial of § 3582(c)(2) relief.

To the extent that Hutchinson argues that the district court's July 20, 2012 order improperly imposed a filing injunction, the argument is without merit. A filing injunction "permanently enjoin[s] and restrain[s]" a litigant from "filing, bringing, or otherwise instigating

3

any action in the federal court . . . unless [the court] grants leave." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (internal quotation marks omitted). We have previously noted that a filing injunction "restrict[s] a litigant's future access to the courts." *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). We do not view the July 20, 2012 order as a filing injunction because it does not preclude Hutchinson from filing a new suit; it merely gives notice that the district court will docket, but not respond again to further repeated motions for § 3582(c)(2) relief.

The district court issued this order following Hutchinson's multiple continued reiterations of the same argument about his eligibility for § 3582(c)(2) relief. The district court had twice previously denied this relief, first in the Memorandum and Order of December 2009 and then again, on reconsideration, in the Memorandum and Order of January 2012. Notwithstanding these two decisions, Hutchinson continued to pursue the same relief, which he did first in an undated letter received by the district court on February 2, 2012. The district court, on February 6, 2012, replied "[your last letter] suggests that you had not yet received [the] Memorandum and Order dated January 18, 2012 which addressed the issue with finality." Then, in a second undated letter, received by the district court on February 14, 2012, Hutchinson requested an attorney to resubmit his § 3582(c)(2) motions in light of *Freeman v. United States*, 131 S. Ct. 2685 (2011). The district court replied in a letter dated February 14, 2012, referring Hutchinson to its "Memorandum and Order (M&O) dated January 18, 2012, a copy of which [was] enclosed in [the] letter to you dated February 6, 2012. That M&O addressed the *Freeman* case on which you rely and requires the denial of your request." Just as he took no appeal from the December 2009 and January 2012 orders, Hutchinson did not appeal

4

from the district court's determination to take no action as related in the two February 2012 letters.

The July 20, 2012 order merely observes that Hutchinson continues to raise the same arguments and has previously done so at least four times. We construe that July 20, 2012 order to mean that the district court will continue to accept Hutchinson's future filings with respect to its prior sentencing and § 3582(c)(2), but will not continue to consider and respond in writing to, time and again, the very same arguments it has already ruled upon. The district court has not abused its discretion in so advising Hutchinson. We are confident, however, that if a new motion is submitted that complies with applicable procedures and advances a factual or legal argument that has not already been made, the district court will give it due consideration and take such action as may be necessary. In addition, we understand the district court's order not to alter any Clerk's Office practice rega0rding its provision of notice to a *pro se* litigant of matters entered on the district court docket.

The July 20, 2012 order of the district court denying further reconsideration of Hutchinson's argument for relief under 18 U.S.C. § 3582(c)(2) is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5